UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

------------------------------------------------------------

PATRICK PIZZELLA, Acting Secretary of Labor,     :
United States Department of Labor,                          Civil Action No.

                                    :

              Plaintiff,

           v.                       :

                                      :     **COMPLAINT**

INNOVATIVE DESIGN AND DEVELOPMENT
LLC; E&N CONSTRUCTION, INC.; JOAQUIM     :
FERREIRA, Individually; and SHAWN RONEY,
Individually;                                                               :

              Defendants.           :

------------------------------------------------------------

## INTRODUCTION

      Plaintiff, PATRICK PIZZELLA Acting Secretary of Labor, United States Department of Labor (the "Secretary"), by and through undersigned counsel, brings this action under Section 16(c) and Section 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.) ("the Act" or "the FLSA"), alleging that defendants violated Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Act to recover back wages, liquidated damages, and to enjoin acts and practices which violate the provisions of the FLSA, and to obtain other appropriate relief.

      As set forth below, Defendants have engaged in a scheme to deny their employees proper overtime wages and to conceal their failure to pay overtime.  Defendants' employees have consistently worked in excess of 40 hours per week performing construction and masonry work. Defendants have paid their employees a regular straight-time rate for all hours worked, without paying them overtime premium compensation.  Moreover, Defendants have falsified records in an attempt to cover up the scheme and violations.

1

## JURISDICTION AND VENUE

1.      Jurisdiction over this action is properly conferred upon this Court by Section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

2.      Venue is proper in the United States District Court for the District of New Jersey because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## FACTUAL ALLEGATIONS

### The Parties

3.      Plaintiff, PATRICK PIZZELLA, Acting Secretary of Labor, United States Department of Labor, is vested with authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages and is the proper plaintiff for this action.

4.      Defendant INNOVATIVE DESIGN AND DEVELOPMENT, LLC, is a limited liability company organized under the laws of the State of New Jersey having its principal office and place of business at 75 Rome Street, Newark, New Jersey 07105, within the jurisdiction of this court, where it is engaged in business as a masonry and concrete contractor in New Jersey.

5.      Defendant E&N CONSTRUCTION, INC. is a corporation organized under the laws of the State of New Jersey having its principal office and place of business at 75 Rome Street, Newark, New Jersey 07105 within the jurisdiction of this court, where it is engaged in business as a masonry and concrete contractor in New Jersey.

6.      The defendant businesses referenced in paragraphs 4 through 5 above (collectively the "Corporate Defendants") have regulated the employment of all persons employed by them, acted directly and indirectly in the companies' interest in relation to the employees, and thus are employers of the employees within the meaning of Section 3(d) of the Act.

2

7.     Defendant JOAQUIM FERREIRA, who maintains a place of business at 75 Rome Street, Newark, New Jersey 07105, within the jurisdiction of this court, is 50% owner of defendant INNOVATIVE DESIGN AND DEVELOPMENT, LLC.

8.     Defendant Joaquim Ferreira is in active control and management of defendant Innovative Design and Development, LLC.

9.     Defendant Joaquim Ferreira possesses and has exercised authority to hire, fire, and distribute wages for employees and otherwise has acted directly and indirectly in the interests of defendant Innovative Design and Development, LLC in relation to its employees, and is thus an employer of the employees within the meaning of section 3(d) of the Act.

10.     Upon information and belief Joaquim Ferreira sets the hours and compensation for employees of Innovative Design and Development, LLC.

11.     Defendant Joaquim Ferreira is in active control and management of defendant E&N Construction, Inc.

12.     Defendant Joaquim Ferreira possesses and has exercised authority to hire, fire, and distribute wages to employees, and otherwise has acted directly and indirectly in the interests of defendant E&N Construction, Inc., in relation to its employees, and is thus an employer of the employees within the meaning of section 3(d) of the Act.

13.     Upon information and belief Joaquim Ferreira sets the hours and compensation for employees of E&N Construction, Inc.

14.     Defendant SHAWN RONEY, who maintains a place of business at 75 Rome Street, Newark, New Jersey 07105, within the jurisdiction of this court, is President and 50% owner of defendant INNOVATIVE DESIGN AND DEVELOPMENT, LLC.

15.     Upon information and belief defendant Shawn Roney possesses authority to control defendant Innovative Design and Development, LLC, including authority to supervise employees' work, and set employee hours.

16.     Upon information and belief, Shawn Roney has the authority to and does hire, fire and set the terms and conditions of employment and otherwise has acted directly and indirectly in the interests of defendant Innovative Design and Development, LLC, in relation to its employees, and is thus an employer of the employees within the meaning of section 3(d) of the Act.

17.      Defendant Shawn Roney is in active control and management of defendant Innovative Design and Development, LLC.

18.     For example, employees employed as foremen at Innovative Design and Development, LLC regularly called Shawn Roney to tell him the hours worked by employees.

19.     Defendant SHAWN RONEY is in active control and management of defendant E&N CONSTRUCTION, INC.

20.      Upon information and belief defendant Shawn Roney possesses authority to control defendant E&N Construction, Inc., including authority to supervise and set employee hours.

21.     Upon information and belief, Shawn Roney has the authority to and does hire, fire and set the terms and conditions of employment and otherwise has acted directly and indirectly in the interests of defendant E&N Construction, Inc., in relation to its employees, and is thus an employer of the employees within the meaning of section 3(d) of the Act.

**Defendants Are an Enterprise Engaged in Commerce**

22.     The business activities of Defendants, as described herein, are related and performed through unified operation and common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

23.     The Corporate Defendants, Innovative Design and Development, LLC and E&N Construction, Inc. have common management as they are both operated by Joaquim Ferreira.

24.     Further, Shawn Roney is an Owner of Innovative Design and Development, LLC and, upon information and belief is a Manager for E&N Construction, Inc.

25.     Upon information and belief, Joaquim Ferreira is the father of Elio Ferreira, an owner of defendant E&N Construction, Inc.

26.     Both Corporate Defendants are engaged in related masonry and construction work in New Jersey.

27.     Vans owned by Joaquim Ferreira transported employees of all Corporate Defendants to the worksites.

28.     Corporate Defendants Innovative Design and Development, LLC and E&N Construction, Inc. have performed construction work at the Carrino Plaza, located on Broadway in Newark, New Jersey.

29.     On that project, Corporate Defendants operated essentially interchangeably and moved employees among them.

30.     The Corporate Defendants share some personnel.

31.     For example, defendant E&N Construction, Inc. employed an administrative clerk to prepare payroll.  The same administrative clerk also prepared payroll for defendant Innovative Design and Development, LLC paid only by E&N Construction, Inc.

32.     Upon information and belief, the Corporate Defendants share vendors and suppliers.

33.     The Corporate Defendants share the same business address of 75 Rome Street, Newark, New Jersey 07105 since at least 2017.

34.     Defendant Joaquim Ferreira has distributed paychecks to employees of both Innovative Design and Development, LLC, and E&N Construction, Inc. on Thursday each week at the warehouse located at 75 Rome Street in Newark, New Jersey.

35.     Defendant Innovative Design and Development, LLC has had an annual gross volume of business done in an amount not less than $500,000 for the period covered by this Complaint.

36.     Defendant E&N Construction, Inc. has had an annual gross volume of business done in an amount not less than $500,000 for the period covered by this Complaint.

37.     The enterprise has employees handling and working with goods or materials that have been moved in or produced for commerce, such as vans, tools, cement, and concrete/masonry materials. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

38.     Upon information and belief, Defendants have moved their employees to other companies owned by Joaquim Ferreira, Shawn Roney, their family members and/or business associates including but not limited to Salem Construction, Inc., Best Construction, Inc. and Best Concrete, Inc.

39.     Upon information and belief Salem Construction, Inc., Best Construction, Inc. and Best Concrete, Inc. do the same type of masonry and construction work as the Corporate Defendants.

## Defendants' Pay Practices

40.     At all relevant times, defendants Innovative Design and Development, LLC, and E&N Construction, Inc. have employed masonry and concrete workers, foremen, and office workers.

41.     At all relevant times, both Corporate Defendants have had employees working as masonry, ironworkers, carpenters and concrete workers laid foundations, put up forms, poured concrete, cut  and installed rebar and laid bricks and stone with cement.

42.     Employees for both Corporate Defendants utilized rock hammers, hammers, saws, trowels, edgers, and levels to perform their job duties.

43.     Employees for both Corporate Defendants employed as foremen supervised employees, kept track of employee hours, and reported the hours to the Defendants.

44.     At all relevant times, many masonry and concrete workers and foremen employed by Innovative Design and Development, LLC, and E&N Construction, Inc. have regularly worked in excess of 40 hours per week, with workweeks ranging from approximately 42 to approximately 60 hours per week.

45.     At all relevant times until at least March 21, 2019, and possibly the present, defendant Innovative Design and Development, LLC paid straight time to its masonry and concrete workers and foremen for all hours worked.

46.     At all relevant times until at least April 9, 2019, and possibly the present, defendant E&N Construction, Inc. paid straight time to its masonry and concrete workers and foremen for all hours worked.

47.     Each week employees of Corporate Defendants Innovative Design and Development, LLC and E&N Construction, Inc. received one pay check for their first 40 hours of

work and a second paycheck labeled as a "bonus" for all additional hours worked in excess of 40 hours in a workweek, at regular rates of pay.

48.     Defendants did not pay their employees an additional premium rate of one and one-half their regular rates for hours worked in excess of 40 in a workweek.

### Defendants' Recordkeeping Practices

49.     At all relevant times until at least March 2019, and possibly the present, defendant Innovative Design and Development, LLC, knowingly and inaccurately recorded 40 hours of work or less on its payroll records for many workers in many workweeks even though they worked between approximately 42 to 60 hours in many workweeks.

50.     Defendants' employees employed as foremen recorded the hours worked by employees and called the hours into the office.

51.     At all relevant times until at least March 2019, and possibly the present, defendant Innovative Design and Development, LLC did not record in its payroll records hours worked in excess of 40 hours as overtime, even though its employees worked in excess of 40 hours in most workweeks.

52.      At all relevant times until at least March 2019, and possibly the present, defendant E&N Construction, Inc. knowingly and inaccurately recorded 40 hours of work or less for many workers in many workweeks on their payroll records even though workers worked between approximately 42 to 60 hours in many workweeks.

53.     At all relevant times until at least March 2019, and possibly the present, defendant E&N Construction, Inc. knowingly did not record in its payroll records hours worked in excess of 40 hours as overtime, even though its employees worked in excess of 40 hours in most workweeks.

54.     Instead, Defendants rounded the number of overtime hours worked, multiplied the overtime hours by the employee's regular rate of pay and recorded this sum on the payroll records in the form of a bonus for employees of all Defendants.

**FIRST CAUSE OF ACTION**
**Violation of Sections 7(a) and 15(a)(2) of the FLSA, Failure to Pay Overtime**

55.     The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 54 of the Complaint.

56.     Defendants in many workweeks willfully have violated the provisions of sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than those prescribed in section 7 of the Act, without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed.

57.     Masonry and concrete workers and foremen employed by Corporate Defendants Innovative Design and Development, LLC and E&N Construction, Inc. in many workweeks have worked 42 to 60 hours and were paid straight time for all hours, without being paid an additional premium rate of one and one-half their regular rates for hours worked in excess of 40 in a workweek.

58.     Therefore, Defendants are liable for unpaid overtime compensation and an equal amount in liquidated damages under section 16(c) of the Act or, in the event liquidated damages are not awarded, unpaid overtime compensation and prejudgment interest on said unpaid overtime compensation under section 17 of the Act.

59.     As described herein, Defendants' actions have been willful.  Defendants have attempted to simulate compliance with the Act and conceal their failure to pay overtime premium

compensation by paying employees for hours worked in excess of 40 hours per week in separate bonus check, and by creating and submitting to Plaintiff false records reflecting that employees worked only 40 hours or less per week and/or worked no "overtime."

### SECOND CAUSE OF ACTION
### Violation of Sections 11(c) and 15(a)(5) of the FLSA

60.     The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 59 of the Complaint.

61.     Defendants willfully have violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the Regulations issued and found at 29 C.F.R. Part 516.  More specifically, Defendants have failed to keep adequate and accurate records of their employees' daily and weekly hours of work, and in many workweeks Defendants have failed to keep adequate and accurate records of their employees' total pay.

**WHEREFORE**, cause having been shown, the Secretary respectfully prays for judgment against Defendants providing the following relief:

1.     An injunction issued pursuant to Section 17 of the Act permanently restraining Defendants, their officers, agents, servants, employees, and those persons in active concern or participation with Defendants, from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5)of the Act;

2.      An order pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation found due Defendants' employees listed on the attached Exhibit A and an equal amount of liquidated damages (additional overtime compensation and liquidated damages may be owed to certain employees presently unknown to the Secretary for the period covered by this Complaint); or

3.      In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid overtime compensation found due Defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

4.      An order compelling Defendants to reimburse the Secretary for the costs of this action; and

5.      An order granting such other relief as the Court may deem necessary or appropriate.

DATED:      September 27, 2019
            New York, New York

                                    s/ Kate S. O'Scannlain
                                    KATE S. O'SCANNLAIN
                                    Solicitor of Labor

                                    s/ Jeffrey S. Rogoff
                                    JEFFREY S. ROGOFF
                                    Regional Solicitor


                                    s/ Stacy M. Goldberg
                                    STACY M. GOLDBERG
                                    Trial Attorney


                                    U.S. Department of Labor,
                                    *Attorneys for Plaintiff Secretary of Labor*

                                    U.S. Department of Labor
                                    Office of the Regional Solicitor
                                    201 Varick Street, Room 983
                                    New York, NY 10014
                                    (646) 264-3677
                                    (646) 264-3660 (fax)
                                    Goldberg.stacy@dol.gov
                                    NY-SOL-ECF@dol.gov
                                    Secretary of Labor, Plaintiff

# EXHIBIT A

<u>Innovative Design & Development LLC</u>

1. Caetano, Paulo Jorge
2. Cunha, Joao Manuel
3. Cruz, Vasco R.
4. Ferreira, Manuel
5. Fonesca, Jose
6. Gregorio, Jose
7. Martins, Jose C.
8. Martins, Manuel
9. Norinho, Casimiro Da Silva
10. Peralta, Jose
11. Pereira, Antonio
12. Rodrigues, Armindo
13. Rolo, Sergio
14. Sebastiao, Jose V.
15. Silva, Joao B.
16. Sousa, Helder
17. Torres, Hernan
18. Wilson, Henry J.


<u>E & N Construction, Inc.</u>

1. Alvarez, Milton Ramiro
2. Alvarez, Antonio H.
3. Avila Rojas, Manuel
4. Bahia, George
5. Baptista, Luis
6. Barrera, Maximo
7. Benitez, Freddy
8. Benitez, Jose
9. Boconsaca, Olger P.
10. Bras, Jose C.
11. Cabrera, Anderson
12. Cabrera, Jose Efrain
13. Caetano, Paulo Jorge
14. Calva, Jose G.
15. Cantarero, Jose S.
16. Cedillo, Pedro P.
17. Celi, Angel S.
18. Celi, Galo H.
19. Celi, Jaramillo, Richar A.
20. Chamba, Jose E.

E & N Construction, Inc. continued

21. Cordova, Jimmy J.
22. Cruz, Melvin G.
23. Cruz Vasquez, Eusebio A.
24. Da Paz, Antonio M.
25. Da Silva, Joaquim
26. Dias, Antonio
27. Dos Santos, Paulo
28. Eras, Jesus
29. Eras, Jose
30. Eras, Sergio V.
31. Faican, Walter
32. Fernandes, Jose Joao Gomes
33. Fidalgo, Serafim,
34. Flores, Augusto
35. Fonesca, Jose
36. Gregorio, Jose
37. Gomes, Jose
38. Gonzales, Diego F.
39. Guays, Alejandro S.
40. Guimaraes, Rondalo
41. Hernandez, Carlos M.
42. Hernandez, Keven J.
43. Herrera Rodriguez, Santos Landin
44. Hurtado, Francisco
45. Inahuazo, Jaime
46. Jaramillo, Jose
47. Jima, Marco
48. Jumbo, Angel
49. Lanchi, Jose M.
50. Landi-Guaman, Benito
51. Lopez Ezequiel A.
52. Luna, Ivan
53. Luna, Marco Antonio
54. Lunam Segundo
55. Maldonado, Fredy J.
56. Martinez, Marco
57. Martins, Manuel
58. Maza, Victor M.
59. Merino, Carlos
60. Merino, Cristhian J.
61. Midas, Segundo E.
62. Mimoso, Fortunato P.
63. Molina, Fredy
64. Mora, Stalin B.

E & N Construction, Inc. continued

65. Norinho, Casimiro Da Silva
66. Norinho, Jose A.
67. Ochoa, Carlos
68. Ortiz, Daniel A.
69. Ortiz, Raymond C.
70. Palacios, Erwin B.
71. Palacios Seme, Estiver
72. Paqui, Manuel
73. Pardo, Carrion, Angel R.
74. Paucar, Leonel
75. Paute, Julio A.
76. Peralta, Jose
77. Pereira, Antonio
78. Pereira, Carlos Manuel
79. Perez, Celso R,
80. Pesantez, Franklin
81. Pinheiro, Arnaldo P.
82. Pizarro, Miguel A.
83. Ponteira Goncalves, Manuel De Jesus
84. Puclla Gaona, Cleve De
85. Quishpe, Abdon
86. Quizhpilema, Jose P.
87. Rebelo, Mauricio
88. Roberto Narvaes, Segundo
89. Rocano, Cristian
90. Rocano, Luis H.
91. Rocano, Wilson M.
92. Rodrigues, Armindo
93. Rolo, Sergio
94. Roque, Moises
95. Rosales, Juan
96. Salas, Cesar
97. Salcedo, Cristhian
98. Santos, Carlos
99. Santos, Pedro
100. Sarango, Galo R.
101. Sebastiao, Jose V.
102. Silva, Joao B.
103. Silva, Marco P.
104. Silva, Silvino Vidreiro
105. Simoes, Tiago
106. Solano, Victor M.
107. Sotot Gaona, Segundo German
108. Sousa, Helder

E & N Construction, Inc. continued

109.  Suqilanda, Jose Luciano
110.  Suqilanda, Juan
111.  Suqilanda, Ricardo
112.  Tacuri, Edgar O.
113.  Tacuri, Guido
114.  Tacuri, Mendes, Lino P.
115.  Tavares, Francisco J.
116.  Torres, Carlos V.
117. Torres, Hernan
118.  Torres, Humberto H.
119.  Torres, Patricio G.
120.  Vega Jiminez, Jose L.
121.  Veintmilla Ramos, Jose
122.  Velasquez, Andres
123.  Velecela, Diego E.
124.  Veliz, Jorge E.
125.  Venegas, Franklin
126.  Vicuna, Jaime G.
127.  Yanza Paucar, Manuel E.
128.  Zabala, Angel R.