UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor, | Civil Action No. 19-cv-18495 (SDW) |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| **INNOVATIVE DESIGN AND DEVELOPMENT LLC; E&N CONSTRUCTION, INC.; JOAQUIM FERREIRA**, individually; **SHAWN RONEY**, individually; and **ELIO FERREIRA**, individually, | |
| Defendants. | |

**CLARK, Magistrate Judge**

This matter comes before the Court on a motion by Defendants E&N Construction, Inc. and Elio Ferreira (collectively, the "E&N Defendants") seeking to compel the identification of certain witnesses for depositions and the disclosure of unredacted witness statements, and for alternative relief including certification for appeal under 28 U.S.C. § 1292(b). Dkt. No. 127.[1] Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor (the "Secretary") opposes the motion. Dkt. No. 135. The Court reviewed the parties' submissions in support of and in opposition to the motion and decides the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, the E&N Defendants motion is **GRANTED in part** and **DENIED in part**.

---

[1] Defendants Innovative Design and Development, LLC, Shawn Roney, and Joaquim Ferreira join in the E&N Defendants motion. *See* Dkt. No. 130.

1

**I.     BACKGROUND**

The Secretary filed her original Complaint on September 27, 2019, [Dkt. No. 1], and filed an Amended Complaint on February 25, 2021, [Dkt. No. 52]. The Secretary alleges that Defendants engaged in a scheme to deny employees proper overtime compensation and failed to keep adequate time records pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. *Id.* The Secretary's allegations are based in part upon information obtained through informant witnesses, and the Secretary provided redacted statements of these witnesses to Defendants on July 31, 2020. Dkt. No. 135-1, Kellett Declaration Exhibits 1 & 2 and Dkt. No. 127-1, Sooklall Declaration Exhibit 11. Thus far, the identities of the Secretary's witnesses have remained sealed through the Secretary's invocation of the government informant's privilege. *See* Dkt. No. 135-7. Due to the pertinent caselaw supporting the government's invocation of privilege, the E&N Defendants indicate they did not attempt to uncover the identities of any potential witnesses during the discovery period. *See* Dkt. No. 127-16.

This Court entered a Pretrial Scheduling Order on January 28, 2020. Dkt. No. 15. The Pretrial Scheduling Order stated, among other things, that the parties are limited to a total of ten (10) depositions. *Id.* The E&N Defendants conducted three (3) depositions, and Defendants Innovative Design and Development, LLC, Shawn Roney, and Joaquim Ferreira did not conduct any depositions. *See* Dkt. No. 135 at 3. No party requested an increase to the number of depositions at any point during the discovery period. After several extensions, discovery concluded on March 3, 2022. *See* Dkt. Nos. 29, 35, 58, 63, 70, 76, 79, and 80.

Upon conclusion of the discovery period, the parties moved for summary judgment. The Court rendered an opinion and order granting in part and denying in part the Secretary's motion for summary judgment, and denying Defendants' summary judgment motion in its entirety. Dkt.

Nos. 121 & 122. Following these rulings, a settlement conference was held on June 22, 2023, where the E&N Defendants raised the issue of informant witness identities for the first time. Dkt. No. 125. The Court ordered the E&N Defendants to submit the current motion regarding the identification and depositions of the Secretary's potential witnesses by July 14, 2023, with the Secretary having until August 4, 2023 to file a response. Dkt. No. 126. In support of her response on August 4, 2023, the Secretary, through Deputy Administrator Patricia Davidson, executed a formal invocation of the informant's privilege. *See* Dkt. No. 135-7, Declaration of Patricia Davidson. The E&N Defendants argue that the government informant's privilege, while commonly invoked throughout the discovery period, is no longer applicable when trial is imminent. *See* Dkt. No. 127-16. Thus, the E&N Defendants claim that the identities of the informants and the unredacted statements of all informants are necessary to adequately defend themselves at trial and should be disclosed forthwith. *Id.* They also contend that depositions of the witnesses should be permitted. *Id.* Furthermore, if any of these requests were to be denied, the E&N Defendants request that this Court certify its decision for appeal under 28 U.S.C. § 1292(b). *Id.*

The Secretary argues that the E&N Defendants have not demonstrated the need to know the identities of the informants sufficient to overcome the strong public policy interest of protecting the identities of informant witnesses at this stage. *See* Dkt. No. 135. Nevertheless, the Secretary acknowledges that the information the privilege protects is discoverable at the time of trial. *Id.* at 10. The Secretary further argues that depositions of the informants should not go forward, or, in the alternative, must be conducted within a specified window prior to trial. *See* Dkt. No. 135. As for the request that all informant witness statements be provided in unredacted form, the Secretary argues that the request is overbroad, unnecessary, and goes against the public policy of the

privilege. *Id.* Lastly, the Secretary contends that the E&N Defendants have not met the exceptional circumstances required for an interlocutory appeal. *Id.* A pretrial conference is currently set for December 20, 2023. Dkt. No. 140.

## II. DISCUSSION

### A. Disclosure of the Identities of Individuals Who Have Provided Information

The first request by the E&N Defendants is to compel the Secretary to disclose the identities of any informants used to gather information in this matter. The E&N Defendants have not established that they are entitled to disclosure at this stage. However, because discovery has concluded and we are in the pretrial period, the Secretary will be required to disclose the identities of any informant witnesses she plans on introducing at trial no later than 30 days prior to trial.

The government informant's privilege essentially allows the government "to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). "The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement," which is achieved by encouraging citizens, through preserving their anonymity, to come forward with knowledge of the commission of crimes to law enforcement officials. *Id.*

The government informant privilege is well settled and is "frequently asserted in civil actions brought under the FLSA." *Walsh v. Elder Res. Mgmt., Inc.*, No. 2:19-CV-00546-CCW, 2022 WL 280947, at *9 (W.D. Pa. Jan. 31, 2022), *reconsideration denied*, No. 2:19-CV-00546-CCW, 2022 WL 572025 (W.D. Pa. Feb. 23, 2022) (*citing Chao v. Raceway Petroleum, Inc.*, Civil Action No. 06-3363 (JLL), 2008 WL 2064354 at *3 (D.N.J. May 14, 2008); *Mitchell v. Roma*, 265 F.2d 633, 365–67 (3d Cir. 1959). To properly invoke the privilege, "[t]here must be a formal claim of privilege, lodged by the head of the department," or by another high-ranking administrator who

4

has control over the matter. *United States v. O'Neill*, 619 F.2d 222, 226 (3d Cir. 1980) (*citing United States v. Reynolds*, 345 U.S. 1, 7–8 (1953).

Once the privilege is invoked, to establish a need for the disclosure of government informants, the movant must make a particularized showing that the informants can provide concrete material evidence that sufficiently aids the defendants in establishing a specific asserted defense. *Williams v. City of Trenton*, No. CIV.A. 11-6352 MAS, 2012 WL 4858202, at *2 (D.N.J. Oct. 11, 2012) (*citing United States v. Jiles*, 658 F.2d 194, 197 (3d Cir.1981). The party seeking disclosure bears the burden of "establishing that his or her need for disclosure is greater than the purpose behind the privilege." *Chao*, 2008 WL 2064354, at *3; *see Donovan v. Fasgo, Inc.*, No. 81–129, 1981 WL 2402, at *2 (E.D.Pa. Oct. 6, 1981) (*citing In re United States*, 565 F.2d 19, 23 (2d Cir.1977); *Usery v. Ritter*, 547 F.2d 528, 531 (10th Cir.1977)).

In FLSA cases, a defendant's interest in disclosure strengthen as the case exits the discovery stage and approaches trial. *In re Acosta*, No. 18-1566, 2018 WL 11360441 at *1 (3d Cir. Apr. 6, 2018) (finding the ordering of disclosure at the discovery phase "premature," but noting that "[t]he District Court may consider ordering the disclosure of the identities of those employees that will be called as witnesses at a date closer to trial."); *see Acosta v. Fairmount Foundry, Inc.*, No. 17-4302, 2019 WL 196543 at *3, 2019 U.S. Dist. LEXIS 6162 at *8 (E.D. Pa. Jan. 14, 2019) (denying the disclosure of informants' identities "[a]s the parties have yet to file summary judgment motions," but noting that "[w]ere the case approaching trial ... [Defendant] would have a stronger claim to immediate access.")

Here, the Secretary properly invoked the informant's privilege and was within her right to withhold the identity of any informants throughout the discovery period. Now, however, discovery has concluded, summary judgment motions have been decided, and a pretrial conference is set for

5

December 20, 2023. While the privilege has been honored thus far in order to adequately protect any informant witnesses from retaliation, we are certainly approaching the pretrial period where the need for disclosure is strengthened in order to permit defendants to adequately prepare for trial. Certainly, the E&N Defendants are entitled to know the identities of the Secretary's informants prior to trial. Still, with no definitive trial date set, requiring disclosure at this moment would be premature. The Court must instead set a date closer to trial when disclosure is necessary.

There is no bright line rule as to when disclosure is appropriate, which leads the Court to "balance the public interest in protecting the flow of information against a party's right to prepare his defense to determine whether the privilege should be upheld." *Rovario*, 353 U.S. at 62; *Mitchell*, 265 F.2d at 636 ("the question is narrowed down to whether the disclosure sought by the defendants is essential to assure a fair determination of the issues, with due regard being given to the defendants' right to prepare their defense properly."); *see Chao v. Local 54, Hotel Employees & Rest. Employees Int'l Union*, No. 00–3256, 2001 WL 34114146, at *2 (D.N.J. Sept. 10, 2001).

Courts have expressed different views as to the point in time before trial at which disclosure sufficiently balances a defendant's needs with the strong public policy of protecting informant identities. *See Walsh*, 2022 WL 280947 (disclosure ordered thirty days before trial); *Perez v. El Tequila LLC*, No. 12-CV-588-JED-PJC, 2014 WL 12652312 at *2 (N.D. Okla. Dec. 11, 2014) (names would be disclosed a month before trial); *Brock v. J.R. Sousa & Sons, Inc.*, 113 F.R.D. 545 (D. Mass. 1986) (Plaintiff to provide the list of witnesses ten days before trial); *Solis v. Seafood Peddler of San Rafael*, No. 12-CV-0116 PJH (NC), 2012 U.S. Dist. LEXIS 172137 (N.D. Cal. Oct. 16, 2012) (the identity of informants will be uncovered at the deadline for submitting a trial witness list); *see also* Fed. R. Civ. P. 26(a)(3)(B) (time for providing of trial witnesses presumptively 30 days before trial).

In this matter, the Secretary has suggested that the identities of any testifying informants be released 30 days before trial. *See* Dkt. No. 135 at 10. The Court sees this amount of time as sufficient in satisfying both the public policy behind the privilege and the E&N Defendants need to adequately prepare for trial. The Court notes that only the identities of the witnesses that will be testifying at trial, or that have provided information to be introduced at trial, are subject to disclosure. The Secretary is to reveal the identities of any such witnesses no later than thirty (30) days prior to the trial date to be set by the Court.

### B. Depositions of the Informants

The E&N Defendants further seek to depose the informants once their identities are made known. In the interest of adequately allowing the E&N Defendants to prepare for trial, but to avoid fully reopening discovery and unnecessarily prolonging this case, the E&N Defendants will be permitted to conduct a limited number of depositions within the 30-day pretrial period after informant identities will be disclosed.

In determining whether informants should be subject to depositions prior to trial, the interest of the government's informants must be balanced against "fundamental requirements of fairness" and the relevancy and helpfulness of the information sought. *Brock v. DialAmerica Mktg., Inc.*, No. CIV. A. 81-4020(AJL), 1986 WL 28913, at *5 (D.N.J. Oct. 15, 1986); *see Roviaro*, 353 U.S. at 60–61; *see also Chao v. Pac. Stucco, Inc.*, No. CV-S-04-0891-RCJ-GWF, 2005 WL 8161433, at *9 (D. Nev. Nov. 16, 2005) (holding that "a fair balance is achieved between the legitimate protection of informants and Defendants' right to a fair trial," in allowing defendants to depose employee-witnesses prior to trial).

In *Brock*, the government brought suit alleging various FLSA violations after gathering information based on a number of employee-witness interviews. 1986 WL 28913, at *1. At a

7

conference prior to trial, a Magistrate Judge directed the parties to exchange witness lists and allow for depositions of said witnesses. *Id.* The Magistrate Judge's decision was appealed, but was ultimately upheld when the court ordered that the government provide a list of trial witnesses in order to allow the defendant to adequately prepare for trial. *Id.* at *5. The court also permitted the defendant, in the interest of fairness, to depose the government's employee-witnesses prior to trial. *Id.* However, the court did limit the number of depositions that could be taken to avoid significant waste and delay. *Id.*

Pursuant to Rule 26(b)(2)(C), "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule" when the court determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

Just because counsel believes a witness "might have discoverable information," does not in and of itself give rise to an unfettered right to depose that person. *Walsh*, 2022 WL 17540352, at *2 (*citing Commodity Futures Trading Comm'n v. Commodity Ind. Grp., Inc.*, No. 05 civ. 5741 (HB), 2005 WL 3030816, at *1 (S.D.N.Y. Nov. 10, 2005)); *see also Raba v. Suozzi*, No. CV061109DRHAKT, 2006 WL 8435603, at *1 (E.D.N.Y. Nov. 17, 2006) ("The mere fact that there are several individuals who may possess relevant information does not necessarily entitle a party to examine each of them."). Moreover, in FLSA cases, courts have typically required that defendants show a particularized need to depose all of the government's trial witnesses. *Walsh v. Versa Cret Contracting Co., Inc.*, No. 21-CV-5697 (JMA)(JMW), 2022 WL 17540352, at *2 (E.D.N.Y. Nov. 16, 2022) (denying defendants' request to depose all 31 employees on exhibit A

since they might be called as trial witnesses, finding that "[i]f the Court were to accept that reasoning as 'particularized need,' then such an argument would necessarily apply to each and every FLSA case brought by the Secretary, leading to countless depositions."); *see also Acosta v. Southwest Fuel Mgmt., Inc.*, No. 16-cv-4547, 2018 WL 1913772, at *6–*7 (C.D. Cal. Mar. 28, 2018) (concluding an FLSA case brought by Secretary of Labor that defendants failed to show "particularized need" to depose all 785 employees or even a "sample" of 60 employees); *see, e.g., Scanlan v. Potter*, No. 05-CV-0291, 2006 WL 1207748, at *1 (D. Vt. May 4, 2006) ("[The] party seeking ... more depositions must make a particularized showing."). Should depositions be permitted, courts have held that they be conducted within a specified window to allow the sides to have enough time to analyze the information gathered in time for trial. *See, e.g., Perez v. El Tequila LLC*, 2014 WL 12652312 at *2 (depositions to start 28 days before trial and end 13 days before trial, giving defendants 15 days to depose witnesses before trial).

The court normally limits discovery in order to avoid significant waste and delay by issuing a pretrial scheduling order. The pretrial scheduling order allows a court to take "judicial control over a case and to schedule dates for completion by the parties of the principal pretrial steps." *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 469 (D.N.J. Oct. 19, 1990) (*quoting* Fed. R. Civ. P. 16 advisory committee's note (1983 Amendment)). Rule 30(a)(2)(A)(i) limits the number of depositions to ten per each side. It is within the court's discretion , however, "to allow more than ten depositions if the party who is seeking discovery has shown why it is necessary." *Commodity Ind. Grp., Inc.*, 2005 WL 3030816, at *1. The fact that the Court has discretion over such discovery vehicles is actuated, at least in part, by the need for the Court to exercise practical control over the case's orderly progression toward trial.

Here, the discovery period for this matter ended on March 3, 2022. During the discovery

period, each side had the opportunity to conduct ten (10) depositions. The E&N Defendants conducted three (3) depositions and never asked for an increase in the allotted number of depositions. Surely, the E&N Defendants have no absolute right to depose all potential witnesses, and allowing the same would likely result in unreasonably cumulative or duplicative testimony. In order to achieve adequate protection of informants and Defendants' right to a fair trial, and to avoid a full reopening of discovery which would unduly prolong this case, the E&N Defendants will be limited to conducting no more than seven (7) depositions within the 30-day pretrial period after informant identities will be disclosed. The number of depositions is limited to this amount because the original number of depositions was not exhausted, and the E&N Defendants have not shown a particularized need to depose all of the government's informants. All depositions must be completed no later than ten (10) days prior to trial, in order to allow the parties to analyze the information gathered at the depositions. *See, e.g., Perez v. El Tequila LLC*, 2014 WL 12652312 at *2. If the E&N Defendants choose to conduct all seven depositions, then this will bring the total number of depositions conducted to ten, which was the original number permitted by the Court in the pretrial scheduling order.

### C. Unredacted Employee Statements

The E&N Defendants also seek to compel the Secretary to produce *all* witness statements she has gathered in unredacted form. The Court finds that this request is overbroad and would necessitate the release of irrelevant information. *See Walsh*, 2022 WL 280947, at *11.

As noted, in order to determine when disclosure of information subject to the government informant privilege is appropriate, the court must "balance the public interest in protecting the flow of information against the individual's right to prepare his defense, taking into consideration the particular circumstances of each case." *Mitchell*, 265 F.2d at 636.

Other Courts have found that the protection or non-release of identities and unredacted statements of witnesses that are not going to be introduced at trial does not unduly hamper the defendant in his right to prepare a defense and properly addresses public policy concerns of protecting witness identity. *See Walsh*, 2022 WL 280947, at *11 ("Defendants' request—unredacted versions of the Government Informant Documents—the Court finds that Defendants' request for unredacted versions of all Government Informant Documents is overbroad."); *see also Acosta v. Five Star Automatic Fire Prot., LLC*, No. EP-16-CV-282-PRM, 2017 WL 10604137, at *3–4, 2017 U.S. Dist. LEXIS 228552, at *11–12 (W.D. Tex. May 30, 2017) (ordering the production of unredacted statements for testifying employees, but statements redacting the name of the employee for any non-testifying witness).

Here, the Court has considered the Defendants' need for the information to prepare their defense based on the circumstances of this case and the importance of protecting government informants from retaliation and encouraging employees to report violations. The Court determines that unredacted statements of non-testifying witnesses are not sufficiently valuable to the Defendants' preparation of their overall defense to how many hours per week Defendants' employees worked and what they were paid so as to overcome the privilege. Simply put, any need for such statements does not outweigh the importance of protecting informants from retaliation and encouraging employees to report violations.

As outlined above, the E&N Defendants will receive the identities and unredacted statements of any informant witnesses the Secretary plans on introducing at trial. However, it would be unnecessary, and against the public policy of the informant's privilege, to disclose *all* the identities and unredacted statements of informants that will not be introduced at trial. Therefore, consistent with the above analysis, the Secretary must only disclose the unredacted

11

statements of informants that she plans to rely on at trial. The request to receive unredacted statements of all non-testifying informants is otherwise DENIED.

### III. CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this on this 8th day of November, 2023,

**ORDERED** that the Secretary must disclose the identities of any informant witnesses that will be testifying at trial, or that provided information to be introduced at trial, by no later than thirty (30) days prior to trial, when such a date is set; and it is further

**ORDERED** that the E&N Defendants may conduct up to seven (7) depositions of any government informants that are disclosed prior to trial; and it is further

**ORDERED** that any and all depositions of informant witnesses must be completed ten (10) days prior to the trial date; and it is further

**ORDERED** that the E&N Defendants request to receive *all* unredacted witness statements is DENIED as overbroad and unnecessary; and it is further

**ORDERED** that the Secretary provide unredacted witness statements of any informant who will testify at trial, or who provided information that will be introduced at trial; and it is further

**ORDERED** that the E&N Defendants request for the Court to certify its order for appeal under 28 U.S.C. § 1292(b) is DENIED as moot.

/s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**